## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| **BRANDON KACHMAR,** )<br>**285B Sunset Drive** )<br>**St. Augustine, FL 32080** )<br> )<br>*On behalf of himself and all others* )<br>*similarly situated* )<br> )<br>*Plaintiffs,* )<br>**vs.** )<br> )<br>**SENTRYLINK, LLC,** )<br>**7500 Greenway Center Drive** )<br>**Suite 1040** )<br>**Greenbelt, MD 20770,** )<br>**(Prince George's County)** )<br> )<br>*Defendant.* )<br> )<br><u>**Serve on:**</u> )<br> )<br>**Erica Kane, Res. Agent** )<br>**7500 Greenway Center Drive, Suite 1040** )<br>**Greenbelt, MD 20770** )<br> ) | **Civil Action No.** _____<br><br>**CLASS ACTION**<br><br>**Jury Trial Demanded** |

## CLASS ACTION COMPLAINT

### I.   PRELIMINARY STATEMENT

1.       This is a consumer class action based upon Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x. ("FCRA").   Plaintiff brings this action on behalf of job applicants throughout the country who have been deprived of proper notice that Defendant sold public record information about them to their prospective employers.

### II.   JURISDICTION AND VENUE

2.       Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.       Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### III.   PARTIES

4.   Plaintiff Brandon Kachmar is an adult individual and citizen of the state of Florida.

5.   Defendant SentryLink LLC ("SentryLink") is a limited liability company headquartered in Greenbelt, Maryland.

### IV.   FACTUAL ALLEGATIONS

**A.   Defendant's Practices As A Consumer Reporting Agency And Furnisher Of Consumer Reports For Employment Purposes**

6.   At all times pertinent hereto, Defendant was a consumer reporting agency ("CRA") as defined by section 1681a(f) of the FCRA.

7.   At all times relevant hereto, Plaintiff was a "consumer" as defined by section 1681a(c) of the FCRA.

8.   Among other things, the FCRA regulates the collection, assembly, maintenance, and disclosure of consumer reports by CRAs, including public record information.

9.   Defendant investigates and reviews public record databases and assembles and/or maintains consumer files, which contain public-record information concerning, among other things, the alleged criminal record history of individuals.

10.   From its files, Defendant sells background consumer reports to potential employers wishing to review the criminal record history, or lack thereof, of job applicants.

11.   When a CRA furnishes a consumer report for employment purposes, and compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment, the CRA, *at the time* the public record information is reported to the user of the consumer report, must notify the consumer of the fact that public record information is being reported by the CRA, together

with the name and address of the person to whom such information is being reported. 15 U.S.C. § 1681k(a)(1).

12.     Alternatively, a CRA is required to maintain strict procedures designed to insure that whenever public record information that is likely to have an adverse effect on a consumer's ability to obtain employment is reported, that information is accurate, complete and up to date. 15 U.S.C. § 1681k(a)(2).

13.     Defendant does not maintain strict procedures to insure that its public records information sold to employers in background consumer reports is complete and up to date.

14.     Instead, Defendant mails a form letter to job applicants pursuant to FCRA section 1681k(a)(1), ostensibly to notify them that public record information was sold in a background consumer report about them to their employers or prospective employers.

15.     Defendant, however, fails to notify the consumer job applicants contemporaneously of the fact that public-record information is being reported by Defendant.

16.     Defendant's practices not only violate the FCRA as a matter of law, they exact serious consequences on consumer job applicants and interstate commerce.

17.     Further, such consumer job applicants are prejudiced in their ability to timely determine whether the information is being properly reported. Pursuant to Defendant's practice, by the time the consumer is made aware of the reporting, it is usually too late because the public record information has already been sold to the employer by the Defendant and has formed the basis of a decision whether to hire the job applicant or give him or her a promotion.

18.     Despite its duties to notify the consumer job applicants contemporaneously of the fact that the adverse public record information is being furnished to their employers, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently adopted a practice that disregards this duty, in violation of the FCRA.

**B.**     <u>The Experience Of The Representative Plaintiff</u>

19.     Unbeknownst to Mr. Kachmar, SentryLink prepared a background consumer report about him for employment purposes on April 15, 2013, which Defendant delivered to Anastasia Mosquito Control District ("AMCD") on that same day.  Exhibit A.

20.     AMCD had requested that Defendant prepare a background consumer report about Plaintiff, which included a national criminal search, after Plaintiff sought employment with AMCD earlier in April 2013.

21.     The April 15, 2013, consumer background report prepared by Defendant about Plaintiff included criminal convictions from Pennsylvania for simple assault and aggravated assault (the "criminal records").

22.     The consumer background report indicated that the criminal records had been "last updated" on November 27, 2006.

23.     In fact, the criminal records had been expunged by court order in 2009, after Plaintiff completed the Accelerated Rehabilitative Disposition ("ARD") program in Pennsylvania.

24.     Through April 2013, Defendant had never obtained updated information on the criminal records reflecting that they had, in fact, been expunged, even though, as part of its bulk sale of criminal record information, and in a concentrated effort to avoid the reporting of expunged records, the Administrative Office of Pennsylvania Courts ("AOPC") provides a "LifeCycle file" on a weekly basis.  The LifeCycle file contains a list of cases that bulk data subscribers must remove from their databases, including expunged cases.  In other words, the AOPC specifically identifies expunged cases to the purchasers of its bulk data so that they and their downstream users will remove the cases from their databases.

25.    The AOPC's contract with its bulk data subscribers requires them to retrieve and access the LifeCycle file.  Failure to comply can result in termination of the contract.

26.    Upon information and belief, Defendant never obtained the LifeCycle File from the AOPC, even though Defendant's own report indicates that the criminal records at issue in this case "is based upon information received by the Administrative Office of Pennsylvania Courts ('AOPC')."  Exhibit A.

27.    Plaintiff was initially offered a job with AMCD during a telephone call on April 15, 2013, which he accepted.

28.    Within 20-30 minutes of AMCD's job offer, however, Plaintiff received another telephone call from AMCD, and during that second telephone call AMCD withdrew the job offer because of Defendant's background report.

29.    *At the time* of the second telephone call on April 15, 2015, Plaintiff had not seen the SentryLink background report and did not know who Defendant was or what information it was reporting about him to AMCD.

30.    Not provided with proper or timely information, Plaintiff was not equipped to explain anything about his background report, and what information it might accurately or inaccurately reflect about him, to AMCD, and he thus lost the job.

31.    Defendant prepared an FCRA section 1681k(a)(1) letter to Plaintiff dated April 16, 2013 (the day *after* it had furnished the misleading and inaccurate report to AMCD) and mailed the letter to Plaintiff's home address.  Exhibit B.

32.    The April 16, 2013 letter advised Plaintiff that Defendant had sold a background consumer report about him to AMCD, but also deceptively stated that it was "merely" a notification and that "**No action is required on your part**."   (Exhibit B) (Emphasis in original).

33.     The letter did not advise Plaintiff how he could obtain his SentryLink file, or that he had a right under the FCRA to dispute any inaccurate or incomplete information in his file.

34.     At any rate, by the time Plaintiff received the April 16, 2013 letter it was too late. He had lost the job with AMCD and had begun to sustain embarrassment, humiliation and emotional distress as a result of the actions and omissions of Defendant.

35.     Defendant's practices and procedures described herein affected not only the Plaintiff but also other applicants for employment.  By failing to maintain strict procedures to insure the reporting of accurate, complete and up-to-date public record information, and also by failing to timely provide notice to job applicants that a public record was sold about them to a prospective employer, Defendant's practices directly conflict with the purposes of the FCRA and harm consumer job applicants.

36.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

37.     At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## V.   CLASS ACTION ALLEGATIONS

38.     Plaintiff brings this action individually and as a class action for Defendant's violation of section 1681k(a) of the FCRA, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All natural persons residing within the United States and its Territories who, beginning five (5) years prior to the filing of this Complaint and continuing through the conclusion of this action, were the subject of a background consumer report prepared by Defendant which included any adverse criminal or public record information and who were mailed a letter by Defendant substantially similar in form to the April 16, 2013 letter Defendant mailed to Plaintiff, which

letter was dated one or more days after the date of the background consumer report prepared by Defendant about that person.

39.     The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that the Class numbers in the hundreds or thousands. Defendant sells criminal record history information to hundreds of businesses throughout the country, and its reports to such businesses are standardized, form documents, produced by the same practices and procedures applicable to all subjects of the reports.

40.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal questions include:

(a)     Whether the Defendant violated section 1681k(a) of the FCRA by failing to notify consumer job applicants contemporaneously of the fact that public record information is being sent to prospective employers; and

(b)     Whether Defendant violated section 1681k(a) of the FCRA by failing to maintain strict procedures to assure that its public record information is complete and up to date.

41.     Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

42.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

43.     This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with

respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

44.     A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory damages are limited to $1,000.00 under the FCRA.  Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

## VI.     COUNT ONE – FCRA Section 1681k(a)
## Plaintiff and the Class v. Defendant

45.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

46.     Defendant is a "person" and "consumer reporting agency" as defined by sections 1681a(b) and (f) of the FCRA.

47.     Plaintiff is a "consumer" as defined by section 1681a(c) of the FCRA.

48.     The above-mentioned background reports are "consumer reports" as defined by section 1681a(d).

49.     Pursuant to section 1681n and 1681o of the FCRA, Defendant is liable for violating FCRA section 1681k(a) by engaging in the following conduct:

(a)     Failing to notify consumers contemporaneously of the fact that adverse public and criminal record information is being provided to employers or prospective employers; and

(b)     Failing to maintain strict procedures to insure that the public record information it sells to employers is complete and up to date.

## VII.   COUNT TWO – FCRA Section 1681e(b)
### Plaintiff v. Defendant

50.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

51.     Defendant is a "person" and "consumer reporting agency" as defined by sections 1681a(b) and (f) of the FCRA.

52.     Plaintiff is a "consumer" as defined by section 1681a(c) of the FCRA.

53.     The above-mentioned credit reports are "consumer reports" as defined by section 1681a(d) of the FCRA.

54.     Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable for willfully and/or negligently violating FCRA section 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of the report it sold abut Plaintiff to AMCD on April 15, 2013.

## VIII.   JURY TRIAL DEMAND

55.   Plaintiff demands trial by jury on all issues so triable.

## IX.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in favor of himself and the Class for the following:

(a)     That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

(b)     That judgment be entered against Defendant for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

(c)     That judgment be entered against Defendant for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

(d)     That judgment be entered for actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1) and/or 1681o(a)(1);

(e)     That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and/or o; and

(f)  That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

**GORDON, WOLF & CARNEY, CHTD**

BY:    /s/Martin E. Wolf
MARTIN E. WOLF (Bar No. 09425)
102 W. Pennsylvania Avenue
Suite 402
Towson, MD 21204
Tel: (410) 825-2300
Fax: (410) 825-0066
mwolf@GWCfirm.com


*JOHN SOUMILAS
*DAVID A. SEARLES
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Tel: (215) 735-8600

Dated:  March 27, 2015             *Attorneys for Plaintiff*


* *Pro Hac Vice* Applications to be submitted.